**Mumu Cindy SOETH; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70303.

Agency No. A75–696–058.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.*

Decided June 14, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., Emily A. Radford, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Mumu Cindy Soeth and Raymond Gerald Soeth, wife and husband and natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Where the BIA affirms the decision of the IJ without opinion, under 8 C.F.R. § 3.1(e)(4) (now 8 C.F.R. § 1003.1(e)(7)), we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). We review the IJ's denial of eligibility for asylum, withholding of removal, and CAT relief for substantial evi-

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dence. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1253–54 (9th Cir.2003); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). We must therefore affirm the IJ's finding "unless any reasonable adjudicator would be compelled to conclude" that the petitioners had met their burden of establishing either past persecution, a well-founded fear of future persecution, or a clear probability of persecution or torture. 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Substantial evidence supports the finding of the IJ that the petitioners failed to establish sufficient individualized harm or risk of future harm as members of Indonesia's Christian minority to be eligible for asylum on the basis of past persecution or a well-founded fear of future persecution at the hands of factions within the Muslim majority. *See Mgoian v. INS*, 184 F.3d 1029, 1035 n. 4 (9th Cir.1999) (holding that court must consider *both* applicant's membership in "disfavored group" *and* applicant's "individual risk level"). The petitioners therefore necessarily failed to meet the more stringent evidentiary standard required for withholding of removal or relief under the Convention Against Torture. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

PETITION FOR REVIEW DENIED.